IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LURIN REAL ESTATE HOLDINGS XXXVIII, LLC, JON P. VENETOS, LURIN CAPITAL LLC, LURIN LLC,<br><br>　　　　Defendants. | Civil Action No. 3:25-cv-03451 |

**DEFENDANT JON P. VENETOS'S NOTICE OF REMOVAL**

Defendant Jon P. Venetos files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a).

## I.　　INTRODUCTION

1. On December 1, 2025, Plaintiff KeyBank National Association (hereinafter, "Plaintiff") filed its Original Petition in Cause No. DC-25-22228 in the 14th District Court of Dallas County, Texas, initiating a civil cause of action against Defendants. *See* Original Petition **("Exhibit A")**.

2. This case is a commercial debt-enforcement action in which Plaintiff seeks to enforce loan documents and obtain the appointment of a receiver over a multifamily property based on alleged payment defaults and impound shortfalls.

3. Removal is proper based on complete diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

4. Mr. Venetos now files this Notice of Removal based on the grounds asserted

herein, and promptly upon the filing of same, is also filing a written notice of this filing with the Dallas County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (holding that diversity jurisdiction exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Accordingly, this action satisfies the jurisdictional requirements of 28 U.S.C. §§ 1332(a) and 1441(b).

6. First, complete diversity of citizenship exists between the parties. Plaintiff is a national banking association and is therefore a citizen of the state in which its main office is located. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"). Plaintiff's main office is located in Ohio, making Plaintiff a citizen of Ohio. **Exhibit A ¶ 4**.

7. Defendant Jon P. Venetos is an individual domiciled in Colorado and is therefore a citizen of Colorado for purposes of diversity jurisdiction. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (explaining that an individual's state of domicile determines citizenship for diversity purposes).

8. Defendant Lurin Real Estate Holdings XXXVIII, LLC ("LREH") is a limited liability company. For purposes of diversity jurisdiction, a limited liability company is a citizen

of every state in which its members are citizens. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407–08 (5th Cir. 2023). LREH's sole member is Lurin Equity Partners XXXVIII, LLC, which itself has seven members. Five of those members—Alex Gountanis, Anastasia Venetos, Markelos Venetos, Angeliki Venetos, and Sophia Ventos—are individuals domiciled in Illinois and therefore are citizens of Illinois. The sixth member, Lurin Oakridge, is a limited liability company whose members are citizens of Connecticut and New York. Accordingly, Lurin Oakridge is a citizen of Connecticut and New York. The seventh member is Lurin Capital LLC, which as explained *infra* ¶ 9, is a citizen of Colorado and Nevada. Accordingly, LREH is a citizen of Illinois, Connecticut, New York, Colorado, and Nevada.

9. Defendant Lurin Capital LLC is a limited liability company with three members: Jon Venetos, Ashley Venetos, and Governeur Holdings LLC. Jon Venetos and Ashley Venetos are individuals domiciled in Colorado and therefore are citizens of Colorado. Governeur Holdings is a limited liability company with one member, Flamands Holdings, which itself is a limited liability company with two members: ASV Dynasty Trust and Gustavia LLC. ASV Dynasty Trust is a citizen of Nevada because its trustee, Nevada Trust Company, is a citizen of Nevada. *See Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citizenship of a trust is that of its trustee). Gustavia is a limited liability company with one member, the JPV Dynasty Trust, which is a citizen of Nevada because its trustee, Nevada Trust Company, is a citizen of Nevada. Accordingly, Lurin Capital LLC is a citizen of Colorado and Nevada.

10. Defendant Lurin LLC is a limited liability company comprised of two members: Jon P. Venetos, a citizen of Colorado, *see supra* ¶ 7, and Lurin Capital LLC, a citizen of Colorado and Nevada, *see supra* ¶ 9. Accordingly, Lurin Capital LLC is a citizen of Colorado and Nevada.

11. In sum, complete diversity exists because Plaintiff is a citizen of Ohio and

Defendants are citizens of Illinois, Connecticut, Colorado, New York, and Nevada.

12. Second, the amount in controversy exceeds $75,000, exclusive of interest and costs, because Plaintiff expressly seeks monetary damages exceeding $1,000,000.  **Exhibit A ¶ 9**.

13. Because complete diversity exists and the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

### III.   VENUE

14. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 14th District Court of Dallas County, Texas.

### IV.   PROCEDURAL REQUIREMENTS

15. The removal of this action is timely under 28 U.S.C. § 1446(b).  Mr. Venetos filed this Notice of Removal within thirty (30) days of the filing of the Original Petition within the meaning of 28 U.S.C. § 1446(b).

16. Pursuant to 28 U.S.C. § 1446(a) and this Court's Local Rule 81.1, attached hereto as **Exhibit B** is a completed civil cover sheet.  Attached hereto as **Exhibit C** is a supplemental civil cover sheet.  Attached hereto as **Exhibit D** is an index of all documents that identifies each document and the date it was filed in state court.  Attached hereto as **Exhibit E** is a copy of the docket sheet in the state court action.  Attached hereto as **Exhibit F** is a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e).  Attached hereto as **Exhibit G** is a notice of related cases.

17. Mr. Venetos will provide written notice of the filing of this Notice of Removal to all parties and will file a copy of this Notice in the appropriate state court, as required by 28 U.S.C. § 1446(d).

18. By filing this Notice of Removal, Mr. Venetos does not waive any defenses that may be available to him.

19. WHEREFORE, Mr. Venetos respectfully gives notice that the above-captioned action brought against him in the 14th District Court of Dallas County, Texas, is hereby removed therefrom to proceed in this Court.

Dated: December 16, 2025

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Russell H. Falconer
    Russell H. Falconer (Bar No. 24069695)
    Mike A. Lyons (Bar No. 24071169)

2001 Ross Avenue
Suite 2100
Dallas, Texas 75201-2923
Telephone: 214.698.3100
Facsimile: 214.571.2900
rfalconer@gibsondunn.com
mlyons@gibsondunn.com

Attorneys for Defendant Jon P. Venetos

## CERTIFICATE OF SERVICE

I hereby certify that, on December 16, 2025, I filed the foregoing document using the Court's ECF system. Service on all counsel of record for all parties was accomplished electronically using the Court's CM/ECF system.

/s/ Russell H. Falconer
Russell H. Falconer
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Ave., Suite 2100
Dallas, TX 75201-2923
